# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-192 (JRT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Jerome Lee Swanson, | |
| Defendant. | |

David P. Steinkamp, Esq., United States Attorney's Office, counsel for Plaintiff.

Douglas L. Micko, Esq., Federal Defender, counsel for Defendant.

This action came before the Court on February 25, 2022, for a hearing on various pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Defendant's Pretrial Motion for Disclosure of 404(b) Evidence.**

Defendant moves for immediate disclosure of any evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and also requests the Government identify the witnesses through whom such evidence will be presented at trial. The Government represents that it will comply with the Rule 404 notice requirement and is agreeable to disclosure 14 days prior to trial. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence **(Doc. No. 17)** is **GRANTED IN PART** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses

and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

2.     **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government represents that it is aware of and will continue to comply with its *Brady* obligations, but objects to the motion to the extent it goes beyond the requirements of such case law. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 18)** is **GRANTED**. This Court agrees with those courts who have found that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government

is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice require that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio*[1] information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

    **3.**    **Defendant's Motion for Discovery and Inspection.** Defendant requests an order requiring the Government to disclose or permit discovery, inspection and copying, or supplement prior disclosures, of various things pursuant to Fed. R. Crim. P. 16. The Government represents that it is aware of and will continue to comply with its obligations under the Rules. The Government objects to the motion to the extent it seeks disclosure of materials outside the scope of Rule 16. At the hearing, defense counsel raised an issue regarding disclosure of tape-recorded statements of the victim in this case. Counsel both agreed that the Government would prepare a proposed Protective Order to

---

[1]    *Giglio v. United States*, 405 U.S. 150 (1972).

submit to the Court, and that subject to that Protective Order, the tape-recorded statements would be produced to defense counsel, which will allow for the tape-recorded statements to be viewed by Defendant, but not given to him to keep at the detention center. Defendant is not precluded from seeking a modification to the Protective Order after viewing the tape-recorded statements. Accordingly, Defendant's Motion for Discovery and Inspection **(Doc. No. 19)** is **GRANTED IN PART** to the extent that it conforms to Fed. R. Crim. P. 16 and is not already moot, and as otherwise limited by the Protective Order to be submitted to the Court. As stated above, this Court agrees with those courts who have found that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019)

("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice require that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

4.    **Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance.** This motion (Doc. No. 20) has been withdrawn by Defendant. (Doc. No. 40.)

5.    **Defendant's Motion to Disclose and Make Informant Available for Interview.** This motion (Doc. No. 21) has been withdrawn by Defendant. (Doc. No. 40.)

6.    **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material at least two weeks prior to the commencement of trial.[2] The Government opposes the motion asserting the request lacks authority. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall

---

[2]    At the hearing, defense counsel renewed his request, this time requesting disclosure seven days prior to trial.

5

be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 22)** is **DENIED**. Nothing in this Order, however, precludes the Government from the reciprocal voluntary exchange of Jenks Act material with Defendant five days prior to trial as it represents it will do, and the Court encourages disclosure seven days prior to trial as requested by defense counsel.

    **7.**    **Defendant's Motion for Government Agents to Retain Rough Notes.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not oppose the motion. Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 23)** is **GRANTED**.

    **8.**    **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).** Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial. The Government agrees to comply with Rule 16 and requests providing Rule 16 information no later than 30 days prior to trial. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 24)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

9. **Defendant's Motion to Suppress Eyewitness Identifications.** Defendant seeks to suppress the eyewitness identification of him made on June 9, 2021, as being suggestive for various reasons. The Government opposes the motion. At the February 25, 2022 hearing, the Court received testimony and an exhibit relating to this motion. The parties request post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **March 25, 2022**, and the Government shall file its response by **April 8, 2022**. The Court will take Defendant's Motion to Suppress Eyewitness Identifications **(Doc. No. 25)** under advisement on **April 8, 2022**, and issue a **Report and Recommendation** to the District Court.

10. **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant seeks an order suppressing any physical evidence obtained as a result of the warrantless search and seizure of a backpack on June 6, 2021, and also requests a "four-corners" review for probable cause in a DNA warrant. The Government opposes the motion. At the February 25, 2022 hearing, the Court received the search warrant at issue into evidence and testimony relating to this motion. The parties request post-hearing briefing on the issues. Defendant shall file his post-hearing brief no later than **March 25, 2022**, and the Government shall file its response by **April 8, 2022**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 26)** under advisement on **April 8, 2022**, and issue a **Report and Recommendation** to the District Court.

11. **Defendant's Motion to Suppress Statements, Admissions, and Answers.** Defendant seeks an order suppressing all statements, admissions, and answers made by Defendant prior to, at the time of, or subsequent to his arrest on June 6, 2021. The Government opposes the motion. At the February 25, 2022 hearing, the Court received testimony and exhibits relating to this motion. The parties request post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **March 25, 2022**, and the Government shall file its response by **April 8, 2022**. The Court will take Defendant's Motion to Suppress Statements, Admissions, and Answers **(Doc. No. 27)** under advisement on **April 8, 2022**, and issue a **Report and Recommendation** to the District Court.

12. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement

agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 31)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial. Notice of any alibi by Defendant must be disclosed no later than thirty days prior to trial.

13. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by Chief U.S. District Judge John R. Tunheim.

Date:  February 28, 2022

                                                 *s/ Becky R. Thorson*
                                                 BECKY R. THORSON
                                                 United States Magistrate Judge