UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-192 (JRT)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEROME LEE SWANSON,<br><br>　　　　Defendant. | **GOVERNMENT'S POSITION REGARDING SENTENCING** |

The United States by its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and David P. Steinkamp, Assistant United States Attorney, hereby submits its Position Regarding Sentencing in the above-entitled matter.

**1.　SENTENCING GUIDELINES.**

　**A.　Base Offense Level.**

The government agrees with the conclusion of the Pre-Sentence Report (PSR) that the base offense level for Count 1 of the Indictment is 20. The government agrees that the penalty for Count 2 is 84 months' consecutive to Count 2.

　**B.　Specific Offense Characteristics.**

The government agrees with the conclusion of the PSR that a 4-level increase of the base offense level is warranted because the Defendant caused serious bodily injury to the victim. In addition, the government concurs that a 2-level increase is warranted because the offense involved carjacking, resulting in a total offense level of 26. The government agrees no other specific offense characteristics are applicable.

2.    **ACCEPTANCE OF RESPONSIBILITY.**

The government agrees that a 3-level reduction for acceptance of responsibility is warranted, as long as Defendant continues to accept responsibility for his crimes, reducing the offense level for Count 1 to level 23.

3.    **CRIMINAL HISTORY.**

The government does not concur in the conclusion of the PSR that the Defendant falls within criminal history category III. The government urges the Court to find that the 3 points the Defendant received for juvenile adjudications overstates his criminal history category. The Defendant is more appropriately placed in category II, especially given his young age when he committed the offense.

4.    **CONSECUTIVE SENTENCE FOR COUNT 2.**

The government agrees with the PSR that the applicable sentence for Count 2 is a mandatory minimum term of 84 months, to be imposed consecutively to any sentence imposed for Count 1.

5.    **APPLICABLE GUIDELINE RANGE.**

With a total offense level of 23 and a criminal history category of II, the government recommends that the Court find the guideline range for Count 1 to be 51-63 months' imprisonment. Applying the mandatory minimum consecutive sentence of 84 months increases the total guideline range to 135 - 147 months' imprisonment. Pursuant to the plea agreement, the government recommends a sentence of 54 months for Count 1, and a total sentence of 138 months.

6.   **SENTENCING FACTORS.**

Under 18 U.S.C. 3553(a), when determining the ultimate sentence, the Court looks to the nature and circumstances of the offense; the history and characteristics of the defendant; the seriousness of the offense; the need to promote respect for the law; the need to provide adequate deterrence and protection of the public; providing the defendant with needed educational training, vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; and the applicable guideline sentencing range.  18 U.S.C. 3553(a).

   A.   **A Variance Below 138 Months is Not Warranted.**

The Court should reject the Defendant's request for a variance below 138 months imprisonment.  To accept such an argument does not hold the Defendant accountable for the gravity of the crime.  A sentence of 138 months is sufficient, but not greater than necessary, to achieve the goals of sentencing.

   B.   **The History and Characteristics of the Defendant Warrants a 138-Month Sentence.**

The Defendant does not have a serious prior criminal history.  This will be his first stint in prison.  The government recognized this and entered into a plea agreement reducing the mandatory consecutive sentence from 120 months to 84 months.

   C.   **The Nature of the Offense and the Need to Protect the Public Also Warrants a 138-Month Sentence**.

There is no question that the Defendant's acts were serious and dangerous.  He carjacked a good Samaritan who offered him a ride, shot the man and then nearly ran over him when he fled with the victim's car.  A significant sentence is warranted to protect the

3

public and deter the Defendant from similar conduct in the future. Based on the Defendant's individual characteristics, under the unique facts and circumstances of this case, and acknowledging the plea agreement and concession by the government, a sentence of 138 months is sufficient, but not greater than necessary, to achieve the goals of sentencing in this matter.

7. **RESTITUTION.**

As of the time of this writing, no requests for restitution have been made. However, if they are, the government requests that the Court grant them.

8. **SUPERVISED RELEASE.**

The government requests a supervised release term of 5 years.

Dated: October 25, 2021

                                      Respectfully Submitted,

                                      ANDREW M. LUGER
                                      United States Attorney

                                      *s/ David P. Steinkamp*

                                      BY:  DAVID P. STEINKAMP
                                      Assistant U.S. Attorney
                                      Attorney ID No. 178470